UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN O. ORDAZ,<br><br>    Petitioner,<br><br>    v.<br><br>P. D. BRAZELTON,<br><br>    Respondent. | Case No. 15-cv-00945-VC<br><br>**ORDER TO SHOW CAUSE; GRANTING MOTION TO PROCEED IFP; DENYING MOTION TO APPOINT COUNSEL**<br><br>Re: Dkt. Nos. 2, 3 |

Ivan O. Ordaz, a state prisoner incarcerated at Pleasant Valley State Prison, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction in the Alameda County Superior Court. Ordaz has filed motions for leave to proceed *informa pauperis*, which is granted, and a motion for appointment of counsel, which is denied.

The Sixth Amendment right to counsel does not apply in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). Title 18 U.S.C. § 3006A (a)(2)(B), however, authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Eskridge v. Rhay*, 345 F.2d 778, 782 (9th Cir. 1965).

The Court finds that exceptional circumstances entitling Ordaz to court appointed counsel do not exist at this time. Accordingly, the interests of justice do not require appointment of counsel, and Ordaz's motion is DENIED. This denial is without prejudice to the Court's *sua sponte* reconsideration should the Court find appointment of counsel is necessary following

consideration of the merits of Ordaz's claims.

It does not appear from the face of the petition that it is clearly without merit. Good cause appearing, the Court hereby issues the following orders:

1. The Clerk of the Court shall serve a copy of this Order and the petition and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this Order on Ordaz.

2. No later than sixty days from the date of this Order, Respondent shall file with this Court and serve upon Ordaz an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the Answer all portions of the state record that have been transcribed previously and are relevant to a determination of the issues presented by the petition. If Ordaz wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent within thirty days of his receipt of the Answer. If he does not do so, the petition will be deemed submitted and ready for decision on the date the Traverse is due.

3. No later than sixty days from the date of this Order, Respondent may file with this Court and serve upon Ordaz a motion to dismiss on procedural grounds in lieu of an Answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Ordaz shall file with the Court and serve on Respondent an opposition or statement of non-opposition to the motion within thirty days of receipt of the motion, and Respondent shall file with the Court and serve on Ordaz a reply within fourteen days of receipt of an opposition.

4. It is Ordaz's responsibility to prosecute this case. He must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. He also must serve on Respondent's counsel all communications with the Court by mailing a true copy of the document to Respondent's counsel.

5. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than ten days prior to the deadline sought to

be extended.

6. This Order terminates docket number 2 and 3.

**IT IS SO ORDERED**.

Dated: April 8, 2015

_____
VINCE CHHABRIA
United States District Judge