UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IVAN O. ORDAZ,

    Petitioner,

v.

P. D. BRAZELTON,

    Respondent.

Case No. 15-cv-00945-VC (PR)

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS; DENYING CERTIFICATE OF APPEALABILITY**

The petition for a writ of habeas corpus is denied. With respect to all the issues raised by Ordaz in this petition, the decision of the California Court of Appeal on direct review was neither contrary to clearly established federal law nor an unreasonable determination of the facts in light of the evidence presented at trial. 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 412 (2000). In fact, the thoroughly-reasoned decision of the Court of Appeal appears correct in all respects. To summarize:

- In light of the evidence presented, the Court of Appeal correctly concluded that Ordaz's confession was voluntary. *Colorado v. Connelly*, 479 U.S. 157, 164 (1986); *United States v. Guerrero*, 847 F.2d 1363, 1366 (9th Cir. 1988).

- With respect to the trial court's decision to allow testimony about Ordaz's prior assault conviction, even assuming this claim is cognizable in a federal habeas petition, it was not unreasonable for the Court of Appeal to uphold the admission of the prior conviction, particularly in light of the fact that the details of the prior assault were relevant to prove the gang enhancement. *Jamal v. Van de Kamp*, 926 F.2d 918, 920 (9th Cir. 1991).

- With respect to the limits the trial court placed on the defense expert's testimony,

even assuming this claim is cognizable on federal habeas, it was not unreasonable for the Court of Appeal to conclude that the trial court's limits were appropriately designed to prevent the expert from testifying that the defendant was telling the truth. *Montana v. Egelhoff*, 518 U.S. 37, 42 (1996).

- Even if Ordaz had not defaulted on his claim for prosecutorial misconduct, it was not unreasonable for the Court of Appeal to conclude that the prosecutor's statements during closing argument were permissible. *Darden v. Wainwright*, 477 U.S. 168, 181-82 (1986); *United States v. Robinson*, 485 U.S. 25, 33 (1988).

- To the extent Ordaz has not defaulted on his claims of instructional error, he has not shown how any alleged instructional error could have so infected the trial as to deny him due process. Indeed, as the Court of Appeal explained, the trial court appears to have committed no instructional error at all. *Estelle v. McGuire*, 502 U.S. 62, 71-72 (1991); *Cupp v. Naughten*, 414 U.S. 141, 147 (1973).

A certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c). This is not a case in which "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Clerk shall substitute Warden Scott Frauenheim as Respondent, in accordance with Habeas Rule 2(a) and Rule 25(d)(1) of the Federal Rules of Civil Procedure

The Clerk shall enter judgment in favor of respondent and close the file.

**IT IS SO ORDERED**.

Dated: December 29, 2015

_____
VINCE CHHABRIA
United States District Judge